4/28/2021 2:07 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-21-001936
Ruben Tamez

CAUSE NO. **D-1-GN-21-001936**

| | | |
|---|---|---|
| **JESSICA BRAVO** | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | 200TH JUDICIAL DISTRICT |
| | § | |
| **G L TRUCKING, LLC AND WILLIAM MORRIS** | § | |
| *Defendants,* | § | TRAVIS COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

COMES NOW, Plaintiff, **JESSICA BRAVO**, hereinafter referred to by name or as "Plaintiff," and complains of **G L TRUCKING, LLC** and **WILLIAM MORRIS** (hereinafter referred to by name or as "Defendants,") and for cause of action would respectfully show unto the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1. Plaintiff intends for discovery to be conducted under Level 3 of RULE 190 of the TEXAS RULES OF CIVIL PROCEDURE.

### II.
### PARTIES

2. Plaintiff is an individual residing in Leander, Travis County, Texas.

3. Defendant **WILLIAM MORRIS** is an individual and not a resident of Texas. This Defendant may be served by and through the Secretary of State via in-person delivery or overnight mail to James E. Rudder Building 1019 Brazos, Room 105, Austin, Texas 78701 or certified mail return-receipt-requested to the Secretary of State via certified mail return-receipt-requested to P.O. Box 12079, Austin, Texas 78711-2079.



This nonresident Defendant does not have a designated agent for service of process; the nonresident does not maintain a regular place of business in Texas; and the nonresident does not have a designated agent for service of process. However, this lawsuit arises from the nonresident's business in Texas. Specifically, this Defendant committed a negligent act, described in further detail below, with reasonably foreseeable consequences in Texas.

4. Defendant **G L TRUCKING, LLC** is a legal entity conducting business in the State of Texas. This Defendant may be served by and through the Secretary of State via in-person delivery or overnight mail to James E. Rudder Building 1019 Brazos, Room 105, Austin, Texas 78701 or certified mail return-receipt-requested to the Secretary of State via certified mail return-receipt-requested to P.O. Box 12079, Austin, Texas 78711-2079.

This nonresident Defendant does not have a designated agent for service of process; the nonresident does not maintain a regular place of business in Texas; and the nonresident does not have a designated agent for service of process. However, this lawsuit arises from the nonresident's business in Texas. Specifically, this Defendant committed a negligent act, described in further detail below, with reasonably foreseeable consequences in Texas.

### III.
### JURISDICTION & VENUE

5. The subject matter in controversy is within the jurisdictional limits of this court. This court has jurisdiction over the parties because Defendants reside and/or do business in the State of Texas. The court has jurisdiction over Defendants because they purposefully availed themselves of the privileges and benefits of conducting business in Texas and by committing a tort, which is the basis of this suit, in whole or in part in Texas.

6. Venue is proper before this Court under § 15.002(a)(1) of the TEXAS CIVIL PRACTICE & REMEDIES CODE because the crash which injured Plaintiff and a substantial part of the events giving rise to this claim occurred in Travis County, Texas.

## IV.
## FACTS

7. On or about September 5, 2019, Plaintiff, **JESSICA BRAVO**, was lawfully traveling on FM 620 in Austin, Travis County, Texas, when Defendant **WILLIAM MORRIS** failed to maintain control over his vehicle, failed to control speed, failed to maintain an assured clear distance, and crashed into the rear of Plaintiff's vehicle, leading to several other collisions. At the time of the collision, Defendant **WILLIAM MORRIS** was operating his vehicle in the course and scope of his employment with, or in furtherance of the business of, Defendant **G L TRUCKING, LLC** As a result of this collision, Plaintiff **JESSICA BRAVO** sustained injuries and damages as further set out below.

## V.
## CAUSES OF ACTION AGAINST WILLIAM MORRIS

8. The occurrence made the basis of this suit, reflected in the above paragraph, and the resulting injuries and damages of Plaintiff was proximately caused by the negligent conduct of the Defendants. Defendant **WILLIAM MORRIS** operated the vehicle he was driving in a negligent manner because he violated duties that he owed Plaintiff to exercise ordinary care in the operation of his motor vehicle in one or more of the following respects:

   a. in failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;

   b. in driving at a speed greater than was reasonable and prudent under the circumstances in violation of Section 545.351 of the Texas Transportation Code;

   c. in failing to maintain control of his vehicle;

    d.   in failing to control the speed of his vehicle;

    e.   in failing to maintain an assured clear distance from Plaintiff's vehicle in violation of Section 545.062 of the Texas Transportation Code; and

    f.   in driving his vehicle while distracted.

Defendant's negligence was a proximate cause of Plaintiff's injuries alleged herein.

9.    Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence, negligence per se, and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein.

## VI.
## CAUSES OF ACTION AGAINST G L TRUCKING, LLC

10.    Defendant **G L TRUCKING, LLC** is liable under the theory of *respondeat superior* in that Defendant **WILLIAM MORRIS** was acting within the course and scope of his employment with, or in furtherance of the business of, Defendant **G L TRUCKING, LLC** at the time the incident occurred. Defendant **G L TRUCKING, LLC** is responsible for the acts and/or omissions of Defendant **WILLIAM MORRIS** which whether taken singularly or in any combination, constitute negligence, negligence per se, and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein.

11.    In addition, Defendant **G L TRUCKING, LLC** was independently negligent in one or more of the following aspects:

    a.   negligent hiring;
    b.   negligent retention;
    c.   negligent training;
    d.   negligent supervision; and
    e.   negligent entrustment.

12.    Defendant **G L TRUCKING, LLC** is liable for the negligent entrustment of the subject motor vehicle to **WILLIAM MORRIS**. Defendant **G L TRUCKING, LLC** owned and/or

controlled the vehicle operated by **WILLIAM MORRIS** at the time of the collision that makes the basis for Plaintiff's lawsuit. Defendant **G L TRUCKING, LLC** negligently entrusted the motor vehicle to **WILLIAM MORRIS**, whom Defendant knew or should have known was an unlicensed, incompetent and/or reckless driver. Defendant violated the duty to exercise ordinary care in the entrustment and operation of the company vehicle.

13. Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and negligence per se and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein.

## VII.
## DAMAGES

14. As a direct and proximate result of the collision and the negligent conduct of the Defendants, Plaintiff, **JESSICA BRAVO**, suffered severe bodily injury to her neck, back, spine, and other parts of his body generally.

15. As a further result of all of the above, Plaintiff has incurred expenses for medical care and attention. These expenses were incurred for the necessary care and treatment of the injuries resulting from the incident complained of. The charges are reasonable and were the usual and customary charges made for such services in the County where they were incurred.

16. As a further result of the injuries sustained by the Plaintiff, there is a reasonable probability that he will require further medical care and attention and will incur future reasonable and necessary expenses for medical care and attention.

17. Plaintiff asserts that the amount of any monetary damages awarded to Plaintiff should be decided by a jury of her peers. However, Texas Rule of Civil Procedure 47 requires Plaintiff to affirmatively plead the amount of damages sought. In compliance with the rule, Plaintiff pleads for monetary relief over $1,000,000.00.

## VIII.
## INTEREST

18.     Plaintiff further requests both pre-judgment and post-judgment interest on all his damages as allowed by law.

## IX.
## JURY DEMAND

19.     Plaintiff demands a trial by jury and tenders payment this date of the required jury fee.

## X.
## RULE 193.7 NOTICE

20.     Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiff hereby gives actual notice to Defendants that any and all documents produced by Defendants in response to written discovery may be used against each Defendant and all Defendants producing the documents at any pre-trial proceeding and/or at the trial of this matter, without the necessity of authenticating the documents.

## XI.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to appear and answer, and on final trial, Plaintiff has judgment against Defendants in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiff may be justly entitled by law and equity, including, but not limited to:

   a) Physical pain and suffering in the past;
   b) Physical pain and suffering in the future;
   c) Mental anguish in the past;
   d) Mental anguish in the future;
   e) Past medical expenses;
   f) Future medical expenses;
   g) Physical impairment in the past;
   h) Physical impairment in the future;
   i) Physical disfigurement in the past;
   j) Physical disfigurement in the future;

k) Loss of wages in the past;
l) Loss of wages in the future;
m) Loss of past/future wage earning capacity;
n) Pre-judgment interest;
o) Post-judgment interest;
p) Exemplary damages; and
q) Property damage and diminution of property value.

Respectfully submitted,

SANDOVAL | JAMES, PLLC

By: */s/ Lauren Spencer*
Benedict "Ben" James
Texas Bar No.: 24058518
Benedict.James@sj-lawfirm.com
Lauren Spencer
Texas Bar No.: 24096336
Lauren.Spencer@sj-lawfirm.com
Esteban Sandoval
Texas Bar No.: 24083789
Esteban.Sandoval@sj-lawfirm.com4807
Spicewood Spring Road,
Bldg. 2, Suite 100
Austin, TX 78759
Tel.: (512) 382-7707
Fax: (512) 382-6646
**Attorneys for Plaintiff**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Karen Martinez Perez on behalf of Benedict James
Bar No. 24058518
karen.martinezp@sj-lawfirm.com
Envelope ID: 52914027
Status as of 4/28/2021 3:36 PM CST

Associated Case Party: Jessica Bravo

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Maria Leos | | maria.leos@sj-lawfirm.com | 4/28/2021 2:07:55 PM | SENT |
| Karen Martinez-Perez | | karen.martinezp@sj-lawfirm.com | 4/28/2021 2:07:55 PM | SENT |
| Amanda Medved | | amanda.medved@sj-lawfirm.com | 4/28/2021 2:07:55 PM | SENT |
| Gina Perez | | gina.perez@sj-lawfirm.com | 4/28/2021 2:07:55 PM | SENT |
| Lauren Spencer | | lauren.spencer@sj-lawfirm.com | 4/28/2021 2:07:55 PM | SENT |